UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **IRA LESTER BOWIE, JR.,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) | Civil Action Number <br> **1:16-cv-08161-AKK** |

## MEMORANDUM OPINION AND ORDER

Ira Lester Bowie, Jr., a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 on the grounds that the court improperly sentenced him as an armed career criminal and that his attorneys allegedly provided ineffective assistance. Doc. 1. Also before the court are Bowie's Motion to Appoint Counsel, doc. 3, and Motion for Preference, doc. 5, which asks that this court require the government to respond to his petition. For the reasons stated below, Bowie's petition and motions are **DENIED**.

### I. STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

1

to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II. PROCEDURAL HISTORY

After Bowie pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), *see* doc. 20 in case no. 1:14-cr-00375-AKK-JEO, the undersigned sentenced Bowie to a term of imprisonment of one-hundred eighty months, *see id.* at 2. Bowie appealed, and the Eleventh Circuit affirmed on July 7, 2016. *See* doc. 30 in case no. 1:14-cr-00375-AKK-JEO. As a result, his conviction became final on October 5, 2016.[1] Bowie timely filed this § 2255 motion on November 29, 2016. Doc. 1 at 12.

## III. ANALYSIS

As an initial matter, after considering the nature of Bowie's claim, the court determines that the facts of the case are not so complex that Bowie will require the assistance of an attorney to present his case. *See Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel and complex as to require the assistance of a trained practitioner." *Fowler v. Jones*,

---

[1] "[W]hen a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of [§ 2255(f)(1)] until the expiration of the 90-day period for seeking certiorari," *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). In Bowie's case, the ninetieth day from July 7, 2016 was October 5, 2016.

899 F.2d 1088, 1096 (11th Cir. 1990) (citations omitted). For this reason, Bowie's motion for appointment of counsel is due to be denied.

Turning next to the merits of Bowie's petition, when a felon with three or more prior convictions for a "serious drug offense" committed "on occasions different from one another" is convicted of possessing a firearm, the Armed Career Criminal Act ("ACCA") imposes a mandatory minimum sentence of 15 years. 18 U.S.C. §§ 922(g)(1), 924(e)(1). Bowie received this mandatory minimum sentence as a result of his three prior convictions for sale of a controlled substance. Bowie seeks resentencing on two grounds: (1) that he improperly received the ACCA enhancement, and (2) that his attorneys allegedly provided ineffective assistance. The court discusses each of these arguments below.

**A. The ACCA Enhancement**

*1. The Counting of Bowie's Three Drug Offenses as Separate Offenses*

Bowie first contends that the court erroneously sentenced him as an armed career criminal due to his three prior drug convictions. Specifically, Bowie argues that because "[t]he three indictments stem from [his] two 'sell [*sic*] of cocaine' and one 'sell [*sic*] of marijuana' to the same confidential informant on three dates but under the same criminal investigation," doc. 1-1 at 5, the court should have "consolidated" those offenses instead of counting them as separate offenses. This contention failed at sentencing, *see* doc. 28 at 7-8, 14 in case no. 1:14-cr-00375-

AKK-JEO, and it fails now. *See United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998) ("[S]o long as [the] predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA."). *See also id.* at 690 ("Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small," and two offenses are considered distinct if "some temporal 'break' occurs between [them]."); *United States v. Weeks*, 711 F.3d 1255, 1258, 1261 (11th Cir. 2013) (district court did not err in counting as separate offenses burglary incidents that "occurred on the same day and involved two businesses that were only 56 feet apart from one another, a distance that could be covered on foot in approximately 13 seconds"). Because binding authority contradicts his position, Bowie is due no relief on this basis.[2]

*2. Bowie's* Descamps *Claim*

Bowie also asserts that his sentence violates *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), because "the Alabama Statute for Unlawful Distribution of Controlled Substance under § 13A-12-211 interchangeably uses both the 'sell[]'; 'deliver[]'; and 'distribut[e]' a controlled substance, whereby Mr. Bowie were [*sic*] specifically charged and convicted for the 'sell,' to which this specific

---

[2] The court also notes that Bowie failed to raise this argument as a basis for relief in his appeal, and "section 2255 generally cannot be used to challenge an issue that the defendant could have raised on direct appeal but failed to." *Spencer v. United States*, 727 F.3d 1076, 1091 (11th Cir. 2013).

5

element cannot match the ACCA's elements: 'manufacturing, distributing, or intent to manufacture or distribute[.]" Doc. 1-1 at 19 (alterations in original). As Bowie puts it, the elements of Alabama's unlawful distribution of a controlled substance statute offense "sweep more broadly than the elements listed in the ACCA's definition of 'serious drug offense.'" Doc. 1-1 at 18. Another judge of this court has rejected a similar argument, stating as follows:

> "The Court in *Descamps* addressed [the Eleventh Circuit's] approach to determining whether a crime constitutes a violent felony under the enumerated clause." *Mays*, 817 F.3d at 731 (emphasis added); *see also Johnson*, 135 S. Ct. at 2551 ("[T]his Court [has] held that the [ACCA] requires courts to use a framework known as the categorical approach when deciding whether an offense is burglary, arson, or extortion, involves use of explosives, [under the enumerated clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [under the residual clause]. Under the categorical approach, a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.") (internal quotations and citations omitted; emphasis added). Such approach is not relevant to Thomas's prior convictions for unlawful distribution of a controlled substance, which are "serious drug offenses" under the ACCA.
>
> As set forth above, a "serious drug offense" under state law includes "distributing . . . a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ." 18 U.S.C. § 924(e)(2)(A)(ii). Under Alabama law, "A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives away, delivers, or distributes a controlled substance enumerated in Schedules I through V." Ala. Code § 13A-12-211(a). "Unlawful distribution of controlled substances is a Class B felony." *Id.* (b). The term of imprisonment for a Class B felony in Alabama is "not more than 20 years or less than 2 years." Ala. Code § 13A-5-6(a)(2).

> Therefore, both of Thomas's convictions for "unlawful distribution" qualify as "serious drug offenses" under § 924(e). The *Descamps* decision does not alter this result.

*Thomas v. United States*, No. 1:13-cv-8029-SLB, 2016 U.S. Dist. LEXIS 125506, at *12-13 (N.D. Ala. Sept. 15, 2016) (alterations in original). For the reasons stated by the *Thomas* court, in particular that *Descamps* addressed ACCA enhancements for violent felonies and not for serious drug offenses, Bowie is due no relief under *Descamps*.

### 3. Bowie's *Johnson* Claim

Bowie also seeks relief pursuant to *Johnson v. United States*, *see* doc. 1-1 at 24, which declared void for vagueness the portion of the ACCA that defined "violent felony" to include offenses that "involve[] conduct that presents a serious potential risk of physical injury to another" comparable to "burglary, arson, or extortion" or an offense that "involves the use of explosives." *See* 135 S. Ct. at 2557-60. Because Bowie's ACCA enhancement was based solely on prior convictions for serious drug offenses, and "*Johnson* had no impact on the ACCA's definition of a serious drug offense," *In re Cook*, No. 16-12745-J, 2016 U.S. App. LEXIS 13134, at *7 (11th Cir. 2016); *see also Freeman v. United States*, No. CV415-242, 2015 U.S. Dist. LEXIS 168195, at *5 n.5 (S.D. Ga. Dec. 16, 2015), *adopted by* 2016 U.S. Dist. LEXIS 2478 (S.D. Ga. Jan. 8, 2016) ("[T]he ACCA's 'serious drug offense' definition contains no language that even remotely

resembles the residual clause language *Johnson* found objectionable."), Bowie's *Johnson* argument fails.

**B. Ineffective Assistance**

To prevail on his ineffective assistance claims, Bowie must demonstrate not only that his attorneys' performance was below an objective and reasonable professional norm, but also that he was prejudiced by this inadequacy. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Bowie cannot satisfy this standard. As an initial matter, Bowie's contention that his trial counsel "fail[ed] to investigate Alabama's consolidation rule and [to] object[] specifically to the enhancements under the ACCA," doc. 1-1 at 11, is belied by counsel's objections to the Presentence Investigation Report and her objections at sentencing. *See* docs. 14 at 2 (objection); 28 at 7-8 (objection), 14 (court overruling objection) in case no. 1:14-cr-00375-AKK-JEO.

Bowie also asserts that his appellate counsel failed to raise his trial attorney's alleged ineffective assistance during the appeal. Doc. 1-1 at 15. This contention fails for two reasons. First, as noted above, Bowie's trial attorney *did* ask the court to find that Bowie's three separate drug deals constituted a single offense; and, second, even if she had not, Bowie cannot show prejudice, because the Eleventh Circuit has held that offenses may properly be deemed separate if some "temporal break," however small, occurs between them. *See Pope*, 132 F.3d

8

at 692; *see also Weeks*, 711 F.3d at 1261. For these reasons, Bowie is due no relief on this basis.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the court finds that Bowie's arguments fail to establish a sufficient basis to vacate his sentence under 28 U.S.C. § 2255. Accordingly, his § 2255 petition is **DENIED**. His motions for appointment of counsel and preference, docs. 3 and 5, are likewise **DENIED**. The clerk is **DIRECTED** to close this file, and to terminate doc. 31 in case no. 1:14-cr-00375-AKK-JEO-1.

**DONE** the 12th day of February, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE